NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2707-15T3

T.C.,

 Plaintiff-Respondent,

v.

N.M.,

 Defendant-Appellant.
_______________________________

 Argued September 12, 2017 – Decided October 5, 2017

 Before Judges Fisher and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Middlesex
 County, Docket No. FD-12-2807-96.

 Deborah A. Rose argued the cause for
 appellant.

 Respondent has not filed a brief.

PER CURIAM

 Defendant appeals from the January 5, 2016 amended order

increasing his child support for his son who attends a county

community college and requiring him to contribute to the college

education of his daughter conditioned upon her completion of at
least five parental unification sessions, payable by defendant.

Defendant contends that Judge Lisa Vignuolo abused her discretion

by requiring him to continue to pay child support for his son, and

misapplied the Newburgh1 factors by requiring him to contribute to

his daughter's college education that he cannot afford and was

excluded from her college selection. We disagree, and affirm

substantially for the reasons stated by Judge Vignuolo in her

written decision dated December 18, 2015.

 The parties, who were never married, are the parents of twin

children, born in 1996. Defendant moved for emancipation of the

children, and plaintiff cross-moved for contribution towards their

college expenses and recalculation of child support. After the

court ordered mediation was unsuccessful, a plenary hearing was

conducted.

 At the time of the hearing, the twins were college sophomores;

the daughter, a residential student at an out-of-state public

university, and the son, a county community college student living

at home with plaintiff. Neither plaintiff nor the children sought

to have defendant contribute to any of the children's higher

educational expenses before or while they were incurred. Since

high school, the children have had a strained relationship with

1
 Newburgh v. Arrigo, 88 N.J. 529, 545 (1982)

 2 A-2707-15T3
defendant, and did not consult him regarding their college

decisions. To pay for college, the daughter obtained student

loans and received the benefit of a $25,000 Parent PLUS Loan taken

out by plaintiff, and the son secured student loans in excess of

his tuition.

 Based upon the parties' income, assets, and debts, as well

as defendant's raising of four other children with his wife who

did not work, Judge Vignuolo determined that the parties would not

be able to support their daughter's college expenses.

Nevertheless, since they both wanted their children to receive a

college education and the children were progressing academically,

the judge considered the Newburgh factors and found that they

should share the financial burden.

 The judge recognized that based upon a pro rata income

comparison, defendant should be paying sixty-two percent of his

daughter's college tuition. However, considering plaintiff had

already taken out a $25,000 loan, defendant is raising four other

children, and defendant's input was not sought regarding his

daughter's college choice, defendant was required to contribute

the same amount as plaintiff. The judge ordered defendant to

apply for a $25,000 Parent PLUS Loan, and if unable to secure a

loan, he must pay $5000 per semester, limited to $10,000 per year,

and no more than $25,000 in total for his daughter's education.

 3 A-2707-15T3
The judge noted that any expenses beyond this amount were the

daughter's sole responsibility because she should have considered

her parent's income limitations and matriculated to a less

expensive in-state public college.

 As for the son's education, the judge found it was unnecessary

to order defendant to contribute to his schooling at that time

because his son's student loans more than covered his tuition.

Yet, since the son was still living with plaintiff and was no

longer having overnight visits with defendant, defendant's

obligation to pay child support for him remained. Applying the

child support guidelines, the judge determined that defendant's

child support should increase from $139 per week to $232 per week.

The judge, however, reduced this amount by twenty percent to

reflect defendant's financial situation as permitted in N.J.S.A.

2A:34-23.2 This appeal followed.

 The scope of our review of the Family Part's orders is

limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe

substantial deference to the Family Part's findings of fact based

on adequate, substantial and credible evidence in the record,

understanding the court's special expertise in family matters.

Id. at 412-13; MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007).

2
 Defendant does not challenge the weekly $15 child support for
his daughter.

 4 A-2707-15T3
We appreciate that parents' payment of their children's college

education is an expensive undertaking that requires significant

sacrifice. In this case, Judge Vignuolo's decision is supported

by adequate, substantial and credible evidence in the record. We

therefore affirm substantially for the reasons the judge expressed

in her thoughtful written decision.

 Affirmed.

 5 A-2707-15T3